UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GARY C. BULLINGTON | ] | |
|     Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:11-0942 |
| | ] | Judge Campbell |
| BUTCH CHAPMAN, WARDEN | ] | |
|     Respondent. | ] | |

**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the South Central Correctional Center in Clifton, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Butch Chapman, Warden of the facility, seeking a writ of habeas corpus.

**I. Background**

On February 7, 2005, the petitioner pled guilty to driving on a revoked license (ninth offense). Docket Entry No.1 at pg.1. The following day, a jury in Sumner County found him guilty of driving while intoxicated (DUI), felony evading arrest, and two counts of vehicular assault. *Id.* For these crimes, he received an aggregate sentence of twenty four (24) years in prison. *Id.*

On direct appeal, the Tennessee Court of Criminal Appeals vacated the petitioner's DUI conviction. However, that court affirmed the remaining convictions and resulting sentences. Docket

1

Entry No.16-2. The Tennessee Supreme Court later denied petitioner's application for further review. Docket Entry No.16-3.

In February, 2008, the petitioner filed a *pro se* petition for post-conviction relief in the Circuit Court of Sumner County. Counsel was appointed and a hearing was held for the limited purpose of determining whether the post-conviction petition had been filed in a timely manner.

From information garnered during the hearing, it was found that the petitioner did not receive adequate notice that the Tennessee Supreme Court had denied his application for further review. As a consequence, the petition for post-conviction relief was deemed to have been timely filed.

The trial court then conducted an evidentiary hearing to address the merits of the petition. The petition was found to be without merit and was denied. Docket Entry No.10; Exhibit B.

On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.16-4. The petitioner failed to file a timely application for additional review of this ruling. Docket Entry No.16-5.

## II. Procedural History

On September 14, 2011, the petitioner filed the instant *pro se* petition (Docket Entry No.1) for federal habeas corpus relief.[1] The

---

[1] The petition was stamped by the Clerk's Office as received on September 15, 2011. A pleading from a prisoner, though, is deemed filed on the day that it was placed in the prison postal

2

petition sets forth three claims. These claims include :

    1)    petitioner was denied the effective assistance of counsel;[2]

    2)    the trial court erred when it allowed admission of petitioner's blood test results; and

    3)    the state courts erred when they determined that counsel's mistakes were not prejudicial.

Upon its receipt, the Court conducted a preliminary review of the petition. It appeared that the petitioner had allowed too much time to elapse from the date his convictions became final until the time he initiated the instant action. Accordingly, an order (Docket Entry No.7) was entered instructing the petitioner to show cause why his petition should not be dismissed as untimely.

The petitioner filed a Response (Docket Entry No.10) to the show cause order in which he explained that his attorney had failed to inform him of the Tennessee Supreme Court's decision to deny him additional direct review of his convictions. He further provided documentation showing that the state trial court had accepted this explanation as factually true when it determined that the post-conviction petition was not time-barred. *See* Docket Entry No.10;

---

system for mailing. <u>Houston v. Lack</u>, 487 U.S. 266 (1988). In this case, the petitioner avers that his petition was given to prison officials for posting on September 14, 2011. *See* Docket Entry No. 1 at pg.8. This date, therefore, is deemed by the Court to be the date the petition was filed.

[2] At trial, the petitioner was represented by Charles R. Bobbitt, a member of the Sumner County Bar.

3

Exhibit B at pgs.2-3. Satisfied that the petitioner had shown good cause for the delay in filing his post-conviction petition, the respondent was directed (Docket Entry No.11) to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - § 2254 Cases.

Presently before the Court is the respondent's Motion to Dismiss (Docket Entry No.16), to which the petitioner has offered no reply. Having carefully considered this pleading and the record as a whole, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8, Rules - - § 2254 Cases.

### III. Timeliness of the Petition

In its Motion to Dismiss, the respondent argues that this action is untimely. A one year period of limitation has been placed on the filing of § 2254 petitions. Thus, a prisoner in custody pursuant to the judgment of a state court has one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" in which to file his petition for federal habeas corpus

relief. 28 U.S.C. § 2244(d)(1)(A).[3] The time for seeking direct review has been held to include the ninety (90) day period during which a criminal defendant can petition the United States Supreme Court for a writ of certiorari. Isham v. Randle, 226 F.3d 691, 695 (6th Cir. 2000).

The petitioner was found guilty on February 8, 2005. The direct review of his convictions by the state courts was concluded on October 30, 2006, the date the Tennessee Supreme Court denied petitioner's application for additional direct review. Docket Entry No.16-3. Ninety (90) days beyond this date, or January 28, 2007, is the date that the petitioner's convictions became final.[4]

Ordinarily, the limitation period would begin to run from this date. However, the petitioner has claimed in both the state courts and here that he was never informed by his attorney that the Tennessee Supreme Court had rejected his application for further review of the convictions. Docket Entry No.10 at pg.2. The petitioner claims that he did not learn about the decision of the Tennessee Supreme Court until November 21, 2007, *Id.* at pgs.2-3, thus denying him a timely opportunity to collaterally attack the

---

[3] 28 U.S.C. § 2244(d) actually provides that the limitation period will begin to run from the latest of four dates, one of which is the date the judgment became final. The other three potential dates do not apply in this case.

[4] The ninety days are calculated as follows : 1 day (10/31/07) + 30 days (11/1 - 11/30/07) + 31 days (12/1 - 12/31/07) + 28 days (1/1 - 1/28/08) = 90 days.

5

convictions.

The state courts agreed with the petitioner and allowed him to file an untimely post-conviction petition. Docket Entry No.10; Exhibit B at pgs.2-3. This Court agrees as well and finds that the limitation period was equitably tolled up to the time that the petitioner learned of the Tennessee Supreme Court's decision on November 21, 2007. Therefore, the limitation period began to run on that date and would expire one year later, on November 21, 2008.

After eighty two (82) days had elapsed, on February 11, 2008, the petitioner filed a *pro se* petition for state post-conviction relief.[5] *Id*. at pg.2. That petition had the effect of tolling the limitation period for as long as petitioner's post-conviction proceedings remained pending in the state courts. 28 U.S.C. § 2244(d)(2). The Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief on September 15, 2010. Docket Entry No.16-4. The petitioner had sixty (60) days from that date, or until November 14, 2010, in which to file an application with the Tennessee Supreme Court for additional discretionary review. Rule 11, Tenn.R.App.P. He failed to file a timely application for such review. Docket Entry No.16-5; *see also* Pace v. DiGuglielmo, 544 U.S. 408,410 (2005)(only "properly filed" or timely applications will trigger a tolling effect). As a consequence, the

---

[5] The eighty two days are calculated as follows : 9 days (11/22 - 11/30/07) + 31 days (12/1 - 12/31/07) + 31 days (1/1 - 1/31/08) + 11 days (2/1 - 2/11/08) = 82 days.

6

petitioner's post-conviction proceedings concluded on the last day that the petitioner could have sought additional review, or November 14, 2010.

When the state court proceedings that tolled a limitation period are no longer pending, the limitation period resumes at that point where it was tolled rather than starting anew. Scott v. Collins, 286 F.3d 923, 926 (6th Cir.2002). Having already expended eighty two (82) days of the one year limitation period, the petitioner had two hundred eighty three (283) days, or until August 24, 2011, in which to initiate the instant action.[6]

The habeas corpus petition (Docket Entry No.1) initiating this action was filed on September 14, 2011, three weeks after the limitation period had expired. Thus, this action is untimely.

**IV. Equitable Tolling of the Limitation Period**

The limitation period does not act as a jurisdictional bar. Accordingly, the one year limitation period is subject to equitable tolling in appropriate circumstances. Griffin v. Rogers, 399 F.3d 626, 631 (6th Cir.2005). The doctrine of equitable tolling, however, should be applied sparingly. Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir.2001).

---

[6] 365 days - 82 days = 283 days. The remainder of the limitation period is calculated as follows : 16 days (11/15 - 11/30/10) + 31 days (12/1 - 12/31/10) + 31 days (1/1 - 1/31/11) + 28 days (2/1 - 2/28/11) + 31 days (3/1 - 3/31/11) + 30 days (4/1 - 4/30/11) + 31 days (5/1 - 5/31/11) + 30 days (6/1 - 6/30/11) + 31 days (7/1 - 7/31/11) + 24 days (8/1 - 8/24/11) = 283 days.

7

The petitioner bears the burden of showing that he is entitled to an equitable tolling of the limitation period. Keenan v. Bagley, 400 F.3d 417, 420 (6th Cir.2005). To satisfy this burden, the petitioner must establish (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way. Pace, *supra* at 544 U.S. 418.

The petitioner did demonstrate that equitable tolling of the limitation period was appropriate for that time between the date that his convictions became final and the date that he learned of the decision of the Tennessee Supreme Court that concluded his direct appeal. He has not, however, offered any explanation as to why he was unable to file this action by August 24, 2011. Accordingly, additional tolling of the limitation period so as to allow the late filing of this action would not be appropriate.

## V. Conclusion

This action is untimely. Therefore, the Court finds that the respondent's Motion to Dismiss has merit and shall be granted.

An appropriate order of dismissal will be entered. Rule 8(a), Rules - - - § 2254 Cases.

                                                        _____
                                                        Todd Campbell
                                                        United States District Judge